IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN D. HERTO,

       Plaintiff,

v.                                  Civil Action No. 5:17CV54
                                                      (STAMP)
JOHN T. MURPHY,
Acting Warden,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

I.  Background

This habeas petition was filed pro se[1] by Stephen D. Herto ("petitioner") on May 1, 2017, attacking his conviction in the Circuit Court of Preston County, West Virginia. ECF No. 1. Simultaneously, petitioner filed a Motion to Stay and Hold the Petition in Abeyance. Because the petition was not filed on the court-approved form, petitioner was issued a Notice of Deficient Pleading. ECF No. 4. On May 8, 2017, petitioner filed his petition on the court-approved form. ECF No. 7. On May 16, 2017, petitioner filed a Notice of Change of Address which indicated that he had been released from incarceration. ECF No. 9. On May 24, 2017, respondent filed a Response in Opposition to Petitioner's Motion to Stay. ECF No. 11.

On June 27, 2017, petitioner filed a Notice which indicated that he wished to withdraw his Motion to Stay and amend his § 2254

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

petition. In support of his motion, petitioner noted that he had been paroled and had reviewed respondent's response to his Motion to Stay and agreed that a stay was not appropriate. He further noted that he had raised four grounds in his § 2254 petition: (1) ineffective assistance of counsel; (2) denial of proper jury instructions; (3) insufficient evidence for conviction; and (4) confrontational clause violation. Petitioner conceded that Grounds 1 and 4 were not exhausted. Therefore, he indicated his desire to proceed with Grounds 2 and 3 which had been exhausted, withdraw Grounds 1 and 4, and present a petition that had been fully exhausted. ECF No. 14.

However, on July 24, 2017, petitioner "withdrew" his Notice and indicated his desire to stay the petition as previously requested until the two unexhausted claims were exhausted. Petitioner explained that he had been notified that his pending state habeas had been ruled moot and dismissed under West Virginia law because he was on parole and no longer in custody. Petitioner noted that he was appealing that order to the Supreme Court of Appeals of West Virginia ("SCAWV"). ECF No. 17.

On September 19, 2017, this Court granted petitioner's motion and stayed this action pending the resolution of his attempt to exhaust his state remedies. Respondent was directed to provide this Court with a report as to the status of this case on or before March 15, 2018. ECF No. 23.

On September 19, 2017, respondent notified the Court that the SCAWV had dismissed petitioner's appeal. In its Order, the SCAWV ruled as follows:

> The petitioner was released on parole on May 17, 2017. "An inmate who has been released from incarceration and placed on parole is no longer 'incarcerated under sentence of imprisonment' for purposes of seeking habeas relief under the Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 to -11 (2008)."

ECF No. 24 at 2 (internal citations omitted).

On September 20, 2017, this Court entered an order directing the parties to inform it promptly when and if the order of the SCAWV would be subject to appeal. ECF No. 25. On September 21, 2017, respondent notified this Court that he did not plan to file any appeal of the decision of the SCAWV. ECF No. 26. On October 5, 2017, petitioner filed a notice indicating that he would not appeal the decision of the SCAWV. ECF No. 29. Accordingly, on November 17, 2017, this Court vacated the Report and Recommendation[2] filed by former United States Magistrate Judge James E. Seibert and recommitted the matter to the magistrate judge for further proceedings. ECF No. 30.

On November 17, 2017, an Order to Show Cause was entered directing respondent to file an answer to the petition. ECF

---

[2]The Report and Recommendation was filed on June 8, 2017 and concluded that the § 2254 was a mixed petition containing both exhausted and unexhausted claims. Because petitioner's state habeas petition had been filed before the statute of limitations had begun to run and was, at that time, still pending in the Circuit Court of Preston County, West Virginia, the magistrate judge recommended that the § 2254 petition be dismissed without prejudice.

No. 33. Following an order granting respondent an enlargement of time, he filed an answer on February 13, 2018. ECF No. 39. Respondent addressed the merits of petitioner's claim regarding jury instructions and sufficiency of the evidence. However, respondent did not address the merits of petitioner's claim of ineffective assistance of counsel or his claim regarding the confrontation clause maintaining that neither claim was exhausted. More specifically, respondent alleged that until petitioner had availed himself of the State writ of error coram nobis, he could not be said the have exhausted his state remedies. Accordingly, respondent maintained that this Court should stay petitioner's § 2254 until he has exhausted his state remedies by pursuing a writ of error coram nobis.

On March 1, 2018, petitioner filed his Reply in which he disagrees that his Ground 1 (ineffective assistance of counsel) and Ground 4 (confrontation clause) are not fully exhausted. Petitioner notes that he raised his ineffective assistance of counsel claims on direct appeal but the SCAWV will not hear such claims on direct appeal because an evidentiary hearing is generally needed to adjudicate claims of negligent counsel. Petitioner continues by noting that he raised his ineffective assistance of counsel and confrontation clause claims in a Writ of Habeas Corpus pursuant to West Virginia Code § 53-4A-1, which was mooted without adjudication, upon his being granted parole. In essence, petitioner maintains that the State of West Virginia has been given

4

an opportunity to adjudicate all four of his claims by virtue of his direct appeal and timely habeas thus satisfying the exhaustion requirements of § 2254, despite the fact that no decision on the merits of Grounds 1 and 4 have been issued due to the State's finding that his habeas was mooted by virtue of his parole.

## II.  Discussion

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies.  See 28 U.S.C. 2254(b).  It is now written in stone that a state prisoner is required to exhaust his state remedies before he applies for federal habeas relied.  28 U.S.C. § 2254(b), (c), Rose v. Lundy, 455 U.S. 509 (1982). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoner's federal rights.  See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims).

In West Virginia, the exhaustion of state remedies normally is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas

5

corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W. Va. 1993). A petition for writ of habeas corpus filed under the original jurisdiction of the West Virginia Supreme Court of Appeals that is denied with prejudice following a determination on the merits will also exhaust the petitioner's state court remedies. See Moore, 621 F. Supp. at 1546; see also Meadows v. Legursky, 904 F.2d 903, 908-09 (4th Cir. 1990), abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)). A federal court may only consider those issues the petitioner presented to the state court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has a right under the laws of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In West Virginia, "an inmate who has been released from incarceration and placed on parole is no longer 'incarcerated under sentence of imprisonment' for purposes of seeking habeas corpus relief[.]" Cline v. Mirandy, 234 W. Va. 427, 765 S.E.2d 583 (2014). However, where a party has been released from incarceration, the SCAWV recognizes the right to bring a petition for a writ of error coram nobis to challenge a criminal conviction. State v. Hutton, 235 W. Va. 724, 776 S.E.2d 621 (2015).

Where, as here, the writ of coram nobis is available, such a writ constitutes an available state court remedy that must be exhausted before a federal court can entertain a federal petition for a writ of habeas corpus.[3]  See, e.g., Ex parte Hawk, 321 U.S. 114, 116 (1944) (per curiam) (internal citation omitted) ("Nebraska recognizes and employs the common law writ of error coram nobis which, in circumstances in which a habeas corpus will not lie, may be issued by the trial court as a remedy for infringement of constitutional right of the defendant in the course of the trial[.] Until that remedy has been sought without avail we cannot say that petitioner's state remedies have been exhausted."); Sanderlin v. Smyth, 138 F.2d 729, 731 (4th Cir. 1943) ("The federal court should not issue the writ, even in the extraordinary cases above indicated, unless it is made to appear that petitioner has no adequate remedy in the state courts.  If he has such remedy by . . . writ of error coram nobis or otherwise, he must prove it, and have the writ from federal courts only after all state remedies have been exhausted.").

The record before the Court establishes, and respondent does not dispute, that petitioner, by virtue of his direct appeal, has exhausted his claim regarding jury instructions and the sufficiency of the evidence.  However, petitioner's claims of ineffective

---

[3]This Court recognizes that in its October 12, 2017 order, it indicated that petitioner's state court claims were now exhausted. The order reflected this Court's confusion with respect to the availability of the writ of coram nobis in West Virginia.

assistance of counsel and his confrontation clause have not been adjudicated by the State of West Virginia, because his parole deprived the State of jurisdiction under its habeas statute. However, as noted above, petitioner has the right to pursue a writ of coram nobis and, therefore, this pending habeas petition is a mixed petition.

In Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Court issued this decision, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")[4] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude petitioners from returning to federal court once their claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review

---

[4]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

of their unexhausted claims." <u>Rhines v. Weber</u>, 544 U.S. 269, 274, 125 S. Ct. 1528, 1533 (2005). Accordingly, the Supreme Court has held that a federal district court may, under some circumstances stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court.

As previously noted, respondent has indicated that this Court should stay these proceedings to allow petitioner to file a writ of coram nobis and exhaust his ineffective assistance of counsel claim and his confrontation clause claim. This Court will allow petitioner to select the course of action he wishes to pursue. **WITHIN 21 DAYS OF SERVICE OF THIS ORDER**, petitioner shall notify this Court whether he wishes to pursue a writ of coram nobis or voluntarily withdraw his claim of ineffective assistance of counsel and confrontation cause claim. In the event petitioner chooses to pursue a writ of coram nobis, this matter will be stayed. In the event petitioner chooses to voluntarily withdraw his two unexhausted claims, an order will be entered giving him a deadline by which to reply to respondent's answer on the two exhausted claims. Additionally, petitioner's pending motion for an evidentiary hearing (ECF No. 51) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail,

9

return receipt requested, to his last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

DATED:    November 7, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE