IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**STEPHEN D. HERTO,**

      Petitioner,

v.                                            CIVIL ACTION NO. 5:17-CV-54
                                                             Judge Bailey

**JOHN T. MURPHY,** Acting Warden,

      Respondent.

**ORDER**

      The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 120]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed Report and Recommendations ("R&R"). Magistrate Judge Mazzone filed his R&R on August 12, 2024, wherein he recommends that the Amended Petition be denied and dismissed with prejudice, Respondent's Motion for Judgment on the Pleadings be granted, and Petitioner's Motion for Summary Judgements [sic] be denied. [Id. at 37]. For the reasons that follow, this Court will adopt the R&R.

      Petitioner submitted a Motion for Leave to Exceed the Page Limit [Doc. 122] alongside Petitioner's Objections to Report and Recommendations [Doc. 122-1]. This Court will **GRANT** Petitioner's Motion for Leave to Exceed the Page Limit [Doc. 122] and will review the Objections to the Report and Recommendations [Doc. 122-1] in full.

1

## I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the Report and Recommendation [Doc. 122-1] on August 30, 2024. Accordingly, this Court will review the

---

[1] This Court fully adopts and incorporates herein the "Factual and Procedural History" section of the R&R. *See* [Doc. 120 at 2–7].

portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In Petitioner's Objections to the Report and Recommendations, he advances eight (8) individual objections. [Doc. 122-1]. Petitioner first objects to the following sentence within the R&R: "Petitioner has not shown that there was any valid basis for suppressing or objecting to this recording, and as such is unable to show that defense counsel's performance was unreasonable in this respect." [Doc. 122-1 at 1 (quoting [Doc. 120 at 36])]. Petitioner responds to this quote stating counsel for the defense "made an unprofessional error" and reiterates his claim that this was ineffective assistance of counsel. [Doc. 122-1 at 1]. Petitioner contends that Magistrate Judge Mazzone "misinterprets what warrants were contested at the suppression hearing" and therefore fails to find ineffective assistance here. [Id. at 2].

This Court disagrees. Magistrate Judge Mazzone reasons in the R&R that there is no evidence defense counsel was unprepared for the suppression hearing, as counsel made a motion to exclude the audio recording that defendant wanted excluded and "conducted a thorough examination attempting to support his arguments." [Doc. 120 at 35]. This Court agrees with the R&R that there is insufficient evidence to constitute ineffective assistance of counsel in the suppression hearing.

Petitioner's second objection cites the following quote: "The WVSCA's determination that the jury instructions, reviewed as a whole, were sufficient, is not contrary to or an unreasonable application of federal law." [Doc. 122-1 at 6 (quoting [Doc. 120 at 12])]. To elaborate on this objection, petitioner reiterates Ground Two of his Amended Petition

including the desire to have defense's theory of the case within the jury instructions. [Doc. 122-1 at 6-11 (citing [Doc. 116 at 8–11])].

Magistrate Judge Mazzone, in response to Ground Two of the Amended Petition, notes that the language "as previously defined in this charge" specifically refers to the "person in a position of trust" and "care, custody, or control" language within the statute. [Doc. 120 at 13]. Thus, petitioner's desired language is incorporated into the jury instructions through a referral back to earlier definitions of the statute. Magistrate Judge Mazzone notes that "the 'only question' in a federal habeas review of the state court's jury instructions, is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" [Id. (citing **Estelle v. McGuire**, 502 U.S. 62, 72 (1991)]. This Court agrees with the R&R that the state court's jury instructions did not infect the entire trial such that a resulting conviction violates due process.

Petitioner's third objection echoes Ground One, Part One, of petitioner's Amended Petition. [Doc. 122-1 at 11]. The specific quote petitioner objects to is, "[t]he jury instructions were proper and defense counsel was not ineffective for failing to introduce alternate instructions." [Id. (quoting [Doc. 120 at 25])]. Petitioner contends that this is incorrect, and restates his original argument that counsel's failure to object to the jury instructions constituted ineffective assistance of counsel. [Doc. 122-1 at 11].

In the R&R section that addresses this objection, Magistrate Judge Mazzone states that there was not ineffective assistance of counsel based on the failure to introduce alternate jury instructions because petitioner "cannot show either that the trial court would have accepted defense counsel's proposed instructions or that such instructions would

have had any impact on the outcome of the case." [Doc. 120 at 25–26]. This Court agrees with the reasoning within the R&R relating to this objection.

Petitioner's fourth objection is based on the following quote from the R&R: "A reasonable juror could have concluded that, as the respondent argues, the professional relationship did not dissolve simply because the victim had not scheduled another appointment." [Doc. 122-1 at 12 (quoting [Doc. 120 at 19])]. Petitioner argues that this is untrue; that a reasonable juror could not have concluded that; and "[t]he State must prove that there was ongoing 'care, custody or control' after the victim's last visit as a patient" but that there is no evidence of further care. [Doc. 122-1 at 12–13]. Petitioner expounds upon that objection through a list of evidence he believes shows that it is more plausible that there was no continuing relationship. [Id. at 14].

Magistrate Judge Mazzone notes that this issue involves "two layers of judicial deference" which are difficult for petitioner to overcome: "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial," and "on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.'" [Doc. 120 at 16 (quoting ***Coleman v. Johnson***, 566 U.S. 650, 651 (2012) (internal citations omitted))]. This Court agrees with Magistrate Judge Mazzone's reasoning in the R&R pertaining to this objection.

In objection number five, petitioner alleges that Magistrate Judge Mazzone does not address Ground One, Supporting Fact Two, referring to the alleged failure of defense counsel to "use overwhelming evidence that the victim was not in the defendant's 'care.'" [Doc. 122-1 at 14 (citing [Doc. 106-1 at 2])]. Petitioner states that "[d]efense [c]ounsel

5

admitted to the petitioner he did not hear the victim say at trial she was in someone else's care, 'I found someone else.'" [Id.]. Additionally, petitioner argues that his counsel "failed to argue in closing that no 'care' of the victim was in the record and that the victim was released from defendant's care, and in the care of another doctor of her choice," which he argues constitutes ineffective assistance of counsel. [Id.].

This Court disagrees. Magistrate Judge Mazzone addresses this argument in the R&R stating that there is no showing of ineffective assistance of counsel based on not presenting more evidence of "care, custody, or control" because counsel's closing argument raised the issue of "care, custody, or control" including that the relationship did not still exist at the time of the alleged conduct. [Doc. 120 at 26]. This Court agrees with the reasoning in the R&R relating to this objection.

Objection number six by petitioner takes issue with the following quote in the R&R: "Petitioner cannot demonstrate he was convicted on insufficient evidence, and to the extent the WVSCA has ruled on this issue, its findings are not 'objectively unreasonable.'" [Doc. 122-1 at 15 (quoting [Doc. 120 at 15])]. Petitioner quotes directly from the R&R multiple times in this objection, and argues that "it would be hard to attempt sexual abuse by email when you are not physically present with the alleged victim." [Doc. 122-1 at 16]. This argument was presented in Ground Three of Petitioner's Amended Petition and responded to in the R&R. [Doc. 120 at 15].

Magistrate Judge Mazzone, in response to Ground Three, notes that "[a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." [Id. at 16 (citing **Coleman**, 566 U.S. at 651)]. Magistrate Judge Mazzone also notes that the WVSCA rejected petitioner's

argument that he must be in the same physical space to be convicted because physical harm is not a requirement of conviction under the statute. [Id.]. Although petitioner argues that attempt cannot be shown through email, the R&R addresses that argument: "WVSCA rejected petitioner's argument 'that the statute requires that he and the victim share the same physical space to sustain such a conviction [under § 61-8D-5].'" [Id. (citing [Doc. 39-8 at 8])]. Magistrate Judge Mazzone further explains "[n]othing in the text of § 61-8D-5 leads the undersigned to find that physical presence is a requirement of the statute." [Id. at 16–17]. This Court agrees with the R&R relating to this objection.

Objection number seven by petitioner takes issue with the finding, "[t]he undersigned finds no constitutional error from any deficiency in Count 1 of the Indictment." [Doc. 122-1 at 18 (quoting [Doc. 120 at 21])]. Count One, in petitioner's view, is not the unconstitutional issue but instead the jury instructions that were a result of the alleged inaccuracy of Count One. [Doc. 122-1 at 18]. Petitioner contends that Count One of the indictment did not contain sexual exploitation and that the jury instructions were incorrect as a result. [Id.].

Magistrate Judge Mazzone reviewed (de novo) the claim that sexual exploitation was not a part of Count One. [Doc. 120 at 22–23]. The R&R states, "the indictment unambiguously alleges in Count 1 that petitioner 'unlawfully and feloniously engaged in or attempted to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with' a child under his care." [Id. at 23 (citing [Doc. 39-1 at 2])]. Magistrate Judge Mazzone further recommends that if this Court determines that the "April 11, 2017 Order constitutes 'a determination of a factual issue made by a State court' that sexual exploitation was not charged in the indictment," then "the burden of rebutting the

presumption of correctness" has still been met "by clear and convincing evidence" because otherwise the result would be "clearly at odds with the plain text of the indictment." [Doc. 120 at 24]. This Court agrees with the R&R relating to this objection.

In objection number eight, petitioner argues similarly to the Amended Petition, that if this Court finds that "sexual exploitation" was part of Count One of the indictment, then his counsel did not present a defense to that count and petitioner was prejudiced. [Doc. 122-1 at 18–19]. Petitioner takes issue with Magistrate Judge Mazzone's view that there was no prejudice in the outcome and that a defense was presented for "sexual exploitation" by defense counsel. [Id. at 19]. Specifically, petitioner states that there was a lack of defense for " sexual exploitation and that this lack of defense "prejudiced the petitioner." [Id. at 21].

This Court disagrees. Magistrate Judge Mazzone, in the R&R, states that defense counsel's handling of Count One including "sexual exploitation" is not ineffective assistance because although there may have been ineffective performance through not understanding the scope of Count One, the "prejudice prong" was not satisfied under ***Strickland v. Washington***, 466 U.S. 668 (1984). [Doc. 120 at 29]. The R&R states that counsel did not fail to present a defense to Count One, and presented an argument "that the victim had led petitioner to believe she was 18," "that he was not a person in a position of trust," "that the victim was not under his 'care, custody or control,'" and "that petitioner's conduct was merely 'some form of regrettable online fantasizing.'" [Id. (citing [Doc. 39-3] and [Doc. 39-4])]. These are counsel's defenses to a charge of sexual exploitation as well as to other charges in the case. [Id. at 30]. This Court agrees with the R&R relating to this objection.

## III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's Report and Recommendations **[Doc. 120]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Respondent's Motion for Judgment on the Pleadings **[Doc. 109]** is hereby **GRANTED**, Petitioner's Motion for Summary Judgements [sic] **[Doc. 117]** is **DENIED**, and Petitioner's Notice of Intent to Reply to Respondent's Motion for Judgement on the Pleadings **[Doc. 113]** is hereby **DENIED AS MOOT**. Petitioner's Response/Objections **[Doc. 122-1]** are **OVERRULED**. The Amended Petition **[Doc. 106]** is **DENIED and DISMISSED WITH PREJUDICE.**

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: September 10, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE